UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | Case No.: 10-CV-02563-LHK |
| Plaintiff, | ) ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) ) | MOTION FOR DEFAULT JUDGMENT |
| LUAN B. NGUYEN, | ) ) | (re: docket #9) |
| Defendant. | ) ) | |
| | ) | |

The Clerk of the Court entered default against Defendant Luan B. Nguyen, doing business as Hot Spot Espresso & Cafe ("Defendant"), after Defendant failed to appear or otherwise respond to the Summons and Complaint within the time prescribed by the Federal Rules of Civil Procedure. Before the Court is Plaintiff Joe Hand Promotion, Inc.'s motion for default judgment. *See* Dkt. #9. Defendant, not having appeared in this action to date, has not opposed the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. For the reasons discussed below, Plaintiff's motion for default judgment is GRANTED.

## I. DISCUSSION

Plaintiff is a distributor of sports and entertainment programming, and alleges that it owns commercial distribution rights to broadcast the program "Ultimate Fighting Championship 99: 'The Comeback:' Franklin v. Silva" ("Program"), originally broadcast nationwide on June 13, 2009. *See* Compl. ¶ 9. Plaintiff alleges that the Program was unlawfully intercepted and exhibited

United States District Court
For the Northern District of California

1

by Defendant, at his commercial establishment Hot Spot Espresso & Cafe, located in San Jose, California.  *Id*. at ¶ 12.  On June 10, 2010, Plaintiff filed this action for violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §605 and 47 U.S.C. §553, as well as violations of California law against conversion and California Business and Professions Code §17200.  In the pending motion for default judgment, however, Plaintiff seeks damages only under §605 and for conversion.

Plaintiff requests $10,000.00 in statutory damages for violation of 47 U.S.C. §605(e)(3)(C)(i)(II), and $100,000.00 in enhanced damages for willful violation of 47 U.S.C. §605(e)(3)(C)(ii).  With respect to its conversion claim, Plaintiff seeks $925.00, the amount Defendant would have been required to pay had he ordered the Program from Plaintiff.  Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true except as to the amount of damages.  *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Satisfied of its subject matter jurisdiction (federal statutes at issue) and personal jurisdiction (Defendant resides and does business in California), the Court shall proceed to review Plaintiff's motion for default judgment.

**1. Statutory Damages under Section 605(e)(3)(c)(i)(II)**

Section 605(e)(3)(c)(i)(II) provides that an aggrieved party may recover a sum of not less than $1,000 and not more than $10,000 for each violation of §605(a), as the Court considers just. "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." *Joe Hand Promotions v. Kim Thuy Ho*, No. C-09-01435 RMW (N.D. Cal. Sept. 18, 2009) (citing cases).

Plaintiff submits evidence that a commercial license for the broadcast of the Program would have cost Defendant $925.00, based on Defendant's 60-person establishment capacity.  *See* Affidavit of Joe Hand, Jr., President of J&J Sports Productions, Inc., Exh. 1.  Alternatively, as to potential profits of Defendant, Plaintiff submits evidence that up to 20 patrons were present at the Hot Spot Espresso & Cafe at the time of the Program, and that there was no cover charge.  *See* Affidavit of Investigator Billy Gore, attached to Mot. for Default Judgment.  As there is no evidence of how much Defendant made during the unlawful exhibition of the Program, the Court

2

United States District Court
For the Northern District of California

1  shall base statutory damages on the cost of the commercial license ($925.00).  The $925.00

2  amount, however, is below the $1,000.00 statutory minimum in Section 605.  Under these

3  circumstances, the $1,000 statutory minimum is the appropriate amount for statutory damages.

4         Accordingly, the Court finds that Plaintiff is entitled to $1,000.00 in statutory damages.

5  **2. Enhanced Damages under Section 605(e)(3)(C)(ii)**

6         Enhanced damages of up to $100,000 are available when the violation was committed

7  willfully and for the purpose of commercial advantage or private financial gain.  *See* 47 U.S.C.

8  §605(e)(3)(C)(ii).  In this case, there is no evidence that Defendant advertised the fight, charged a

9  cover charge, or had a minimum purchase requirement.  According to Plaintiff's investigator,

10 Defendant had five televisions that were displaying the Program.  *See* Gore Affidavit at 1.  Plaintiff

11 also submits that the broadcast was encrypted, and thus Defendant "must have undertaken specific

12 wrongful actions" to intercept the Program.  *See* Pl.'s Mot. for Default Judgment at 4.  Although

13 not egregious, these facts do suggest that Defendant acted willfully for commercial advantage and

14 private financial gain.

15        The $100,000 maximum damages available, however, are not warranted under these

16 circumstances.  Numerous courts in the Northern District of California have found a $5,000

17 enhancement proper when there was a relatively modest number of patrons and there was a cover

18 charge.  *See, e.g.*, *Garden City Boxing Club, Inc. v. Lan Thu Tran*, 2006 U.S. Dist. LEXIS 71116,

19 at *5-6 (N.D. Cal. Sept. 20, 2006) (Whyte, J.) (awarding $1,000 in statutory damages and $5,000 in

20 enhanced damages when 40 patrons were present and a $10 cover charge was imposed).  Here,

21 there were only 20 patrons present and no cover charge.  In these circumstances, an additional

22 $1,000.00 is a reasonable enhancement.[1]

23        Accordingly, the Court finds that Plaintiff is entitled to $1,000.00 in enhanced damages.

24

25

26        [1] Plaintiff's counsel has submitted a supplemental declaration advising the Court that one
additional action has been brought against Defendant in the United States District Court for the
27 Northern District of California.  *See* Supplemental Decl. of Thomas Riley ¶ 4 (citing to Case
Number 10-cv-5719, G&G Closed Circuit Events, LLC v. Luan B. Nguyen).  However, that action
28 was only filed on December 15, 2010, and no judgment has issued.  Thus, it is not clear that
Defendant is a repeat offender meriting a higher amount of enhanced damages.

3

1

**3. Damages for Conversion**

2       Plaintiff also seeks $925.00 in damages for conversion under California Civil Code §3336.

3   The elements of conversion are: 1) ownership of a right to possession of property; 2) wrongful

4   disposition of the property right of another; and 3) damages.  *See G.S. Rasmussen & Assoc. v.*

5   *Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992).  Here, Plaintiff's well-pleaded allegations

6   regarding liability, which are taken as true now that the Clerk has entered default, are sufficient to

7   entitle Plaintiff to damages.  Plaintiff alleges ownership of the distribution rights to the Program,

8   misappropriation of those rights by Defendant's unlawful interception, and damages.  Compl. ¶¶

9   23-26.  Damages for conversion are based on the value of the property at the time of conversion.

10  *See Arizona Power Corp. v. Smith*, 119 F.3d 888, 890 (9th Cir. 1941).  Plaintiff seeks conversion

11  damages in the amount of $925.00.  As noted above, the commercial license would have cost

12  Defendant $925.00, and thus Plaintiff's request is appropriate.

13      Accordingly, Plaintiff is entitled to $925.00 in damages for conversion.

14  **4. Costs and Fees**

15      Costs and reasonable attorney's fees are recoverable under 47 U.S.C. § 605(e)(3)(b)(iii).

16  Plaintiff's counsel seeks recovery of fees and costs, but did not attach an affidavit of attorney's fees

17  and costs to the motion for default judgment.  Accordingly, Plaintiff's counsel shall submit a

18  curriculum vitae or resume, billing and cost records, and any other documents supporting his

19  request for reasonable attorney's fees and costs by Friday, March 4, 2011.

20                                  **II. ORDER**

21      For the reasons detailed above, Plaintiff's motion for default judgment is GRANTED.

22  Judgment shall be entered in favor of Plaintiff Joe Hand Promotions, Inc. and against Defendant

23  Luan B. Nguyen, d/b/a Hot Spot Espresso & Cafe, in the amount of $2,925.00 in total damages.

24  Plaintiff's counsel shall file an affidavit of attorney's fees and costs by Friday, March 4, 2011.  The

25  Clerk shall close the file.

26  **IT IS SO ORDERED.**

27  Dated: February 21, 2011                    _Lucy H. Koh_

28                                              LUCY H. KOH
                                                United States District Judge

                                    4